HAROLD LICHTEN (pro hac vice anticipated)
JILL KAHN (pro hac vice anticipated)
hlichten@llrlaw.com, jkahn@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

MICHAEL L. FREEDMAN (CA 262850)
mfreedman@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
(415) 630-2651

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MANTE RODRIGUEZ and VALERIE MORALES individually and on behalf of all others similarly situated, | Case No. _____ |
| Plaintiffs, | |
| v. | **CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |
| CREDICO (USA) LLC, RED TOWER MARKETING, INC., DIANA ROJAS | |
| Defendants | |

## II.    **INTRODUCTION**

1.      This class action is brought by Mante Rodriguez and Valerie Morales (collectively "Plaintiffs"), who have worked for Credico (USA) LLC ("Credico"), Red Tower Marketing, Inc. ("Red Tower"), and Diana Rojas ("Rojas" and, collectively, "Defendants"), promoting Credico's clients' products and services.  Credico has been operating as a joint employer of Plaintiffs, and of all workers promoting its clients' products and services, such as Assurance Wireless free cell phones and wireless service, in California.  Credico has perpetrated a nationwide pyramid scheme, whereby a network of over 200 companies across the country, including Red Tower, operate as Credico's subcontractors, and contract with workers who provide face-to-face marketing services for Credico's clients.  Credico exercises control over the day-to-day operations of the companies in its network, including Red Tower.

2.      Defendants have misclassified Plaintiffs and all other workers in California as independent contractors and, in doing so, have violated various wage and hour provisions of federal and California law.  As a precondition of their work for Defendants, the workers are required to participate in unpaid training that can last up to several weeks.  Upon completion of their training, Defendants' workers are required to work approximately 12-hour shifts, five or six days per week, are instructed in the details of their job performance, and are monitored and reviewed frequently.  Defendants' workers are required to report to the office every morning, where they participate in required team meetings and training sessions, and to report back to the office every night to discuss each workers' results from the day.  Defendants pay their workers solely a set fee for each customer they sign up for Credico's clients' services.

3.      Defendants fail to pay these workers minimum wage for all hours worked, and overtime for hours worked over 8 in a day, over 40 in a week, and on the seventh consecutive day in a work week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the California Labor Code §§ 510, 1194 and 1197.  Defendants also fail to reimburse workers for all necessary business expenses (Cal. Labor Code § 2802), to provide workers with itemized wage statements (Cal. Labor Code § 226), and to timely pay workers who are terminated or voluntarily all wages owed (Cal Labor Code § 203).

4. Plaintiffs bring their claims as a collective action under 29 U.S.C. § 216(b) and a class action under Federal Rule of Civil Procedure 23 on behalf of workers who have worked for Defendants in California. Plaintiffs seek restitution of all wages of which they were deprived, and all other relief to which they are entitled.

## II.   PARTIES

5. Plaintiff Mante Rodriguez is an adult resident of Oakland, California. Mr. Rodriguez worked for Defendants promoting Credico's clients' products and services in and around the San Francisco Bay Area from February 2015 through May 2015.

6. Valerie Morales is an adult resident of Oakland, California. Ms. Morales worked for Defendants promoting Credico's clients' products and services in and around the San Francisco Bay Area from February 2015 through May 2015.

7. The above-named Plaintiffs bring their claims for violation of California law as a Rule 23 class action. In addition, Plaintiffs bring their claims for violation of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

8. Defendant Credico (USA) LLC ("Credico"), is a Delaware corporation with its principal place of business located at 525 W. Monroe Street, Suite 2350, Chicago, Illinois 60661.

9. Defendant Red Tower Marketing, Inc. ("Red Tower"), is a California corporation with its principal place of business located at 1900 Powell St., 6th Fl., Emeryville, CA 94608.

10. Defendant Diana Rojas is an adult resident of California. Ms. Rojas is the owner and president of Red Tower. Ms. Rojas supervises the workers who promote Credico's clients' products and services.

## III.   JURISDICTION AND VENUE

11. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiffs have brought claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

12. The Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

## IV.  STATEMENT OF FACTS

### a.  Defendants' Failure to Pay Minimum Wage or Overtime Pursuant to the FLSA and California Labor Code

13.    Defendant Credico contracts with companies in the telecommunications, financial services, and energy industries, as well as charitable organizations, to provide face-to-face marketing services through its network of workers located throughout the country.

14.    Credico's clients include six Fortune 500 companies, including Verizon Communications Inc. and Sprint Nextel Corp.

15.    In order to provide services for Credico, workers must associate with one of the companies in Credico's nationwide network.

16.    Credico determines the criteria a worker must meet in order to start his own company in the Credico network.  These criteria include the number of other workers whom the potential business owner has recruited for Credico, and the amount of money the potential business owner has to start his company.  Once Credico determines that a worker can create his own company, it has control over the location in which the company will operate, and for which Credico client its workers will provide services.

17.    Credico receives a portion of the earnings that each of the companies in its network receive for signing up new customers for Credico's clients.

18.    Each of the companies in Credico's network must train its workers according to Credico's "Management Training Program."  This program dictates the manner in which the companies train their workers, and the manner in which the workers can approach potential customers.

19.    Credico's Management Training Program also dictates the number of hours that Defendants' workers must work each week, and the manner in which Defendants' workers must be paid.

### a.  Red Tower Is Controlled by Credico

20.    Defendant Rojas is the owner and president of Red Tower.

21.     Red Tower is required to train its workers according to Credico's "Management Training Program."  Credico's Management Training Program also dictates the number of hours that Red Tower's workers must work each week, and the manner in which its workers must be paid.

22.     Both Credico and Ms. Rojas receive a portion of the revenue paid by Credico's clients when Red Tower's workers sign up new customers for their products and services.

### a.   Defendants' Misclassification of Their Workers and Failure to Pay Minimum Wage or Overtime Pursuant to the FLSA and  California Labor Code

23.     Each of Defendants' workers is assigned to promote the products or services of a specific client, including Assurance Wireless, a brand owned by Sprint Nextel Corp. Defendants' workers approach potential customers in order to promote these products and services.

24.     Defendants' workers perform work that is within the usual course of Defendants' business, namely providing face-to-face marketing services.

25.     Defendants' workers are supervised closely by their agents.  They are instructed in the details of their job performance, hours and location worked, and are monitored and reviewed frequently.  Defendants set weekly targets for their workers, who can be terminated for failure to meet these goals.

26.     Plaintiffs and others similarly situated did not provide face-to-face marketing services for anyone other than Defendants while working for Defendants.

27.     By virtue of the fact that they perform services within Defendants' usual course of business, the extensive control Defendants exert over them, and the fact that they are not customarily engaged in an independently established face-to-face marketing business, Plaintiffs and all class members are not independent contractors, as Defendants have classified them, but rather, all of Defendants' workers who provide face-to-face marketing services on behalf of Defendants are jointly employed by Defendants pursuant to federal and California law.

28.     As a precondition of employment, Defendants require that their workers participate in a training period.

29.     During this required training period, Defendants' trainees shadow Defendants' workers in order to learn Defendants' standards and practices. Training may take up to several weeks to complete. Workers are not paid any wages for their work during the training period.

30.     During the training period, the workers learn Defendants' marketing strategies, which they are required to employ once working for Defendants.

31.     Once the workers complete their training, they begin working for Defendants. The workers are required to work approximately 12 hours per day, Monday through Friday. Occasionally, the workers are also required to on Saturdays or work seven days in a week.

32.     Defendants require their workers to report to their offices at a certain time each morning for required team meetings and training sessions. Defendants then assign their workers the location to which they must report for their required shift. Defendants require their workers to use their own cars to drive from the office to their assigned location. Defendants require these workers to transport other workers as well. Defendants do not reimburse workers for gas or mileage.

33.     At the end of their shift, Defendants' workers are required to report back to Defendants' offices by a certain time, where they must participate in additional team meetings.

34.     Defendants set weekly targets for their workers, and track their sign-ups. Defendants' workers can be terminated for failure to meet Defendants' targets in a given week.

35.     Defendants' workers are paid solely a set fee per sign up. Defendants only pay their workers if the customer ultimately completes the transaction successfully.

36.     As a result of Defendants' payment scheme, their workers routinely earn an hourly rate that is less than the California and federal minimum wage, especially when gas and mileage expenses are taken into account.

37.     Defendants' workers are typically required to work about 60 hours per week. As a result of Defendants' payment scheme, the workers have not been paid time-and-a-half for hours worked over 40 in a single week (under both federal and California law) or over 8 in one day (California law). The workers are also not paid time-and-a-half for all hours worked on the

seventh consecutive day in a work week or twice their regular rate of pay for all hours worked in excess of 12 in one day, as required by California law.

38. Defendants have failed to provide Plaintiffs and other workers with itemized wage statements showing the workers' hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

39. Defendants have failed to indemnify Plaintiffs and other workers for all necessary business expenses, as required by Cal. Lab. Code § 2802. In order to perform their work for Defendants, Plaintiffs must travel from Defendants' office to the sites at which they perform their work and then back to Defendants' office at the end of the day. Plaintiffs and other workers paid for all expenses related with this travel, including, but not limited to, gas, insurance, and vehicle depreciation. The travel to and from the work sites was necessary for Plaintiffs and other workers to perform their jobs for Defendant.

## V. **CLASS AND COLLECTIVE ACTION ALLEGATIONS**

40. Plaintiffs bring this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all individuals who have worked in California for Defendants promoting Credico's clients' products and services.

41. Plaintiffs and other class members have uniformly been misclassified as independent contractors.

42. The members of the class or classes are so numerous that joinder of all class members is impracticable.

43. Common questions of law and fact exist as to members of the class who have been misclassified as independent contractors. Among the questions of law and fact that are common to these drivers are:

    a. Whether class members have been required to follow uniform procedures and policies regarding their work for Defendants;

    b. Whether the work performed by class members—promotion of Credico's clients' products and services —is within Defendants' usual course of business, and whether such service is fully integrated into their businesses;

c. Whether these class members have been required to bear the expenses of their employment, such as expenses for gas and mileage;

d. Whether class members were entitled to receive an hourly rate of the applicable federal and California minimum wage for all hours worked for Defendants;

e. Whether class members were entitled to receive time-and-a-half for all hours worked in excess of 8 in one day and 40 in one week and for all hours worked on the seventh consecutive day in one work week.

44. The named Plaintiffs are members of the class or classes described above, who suffered damages as a result of Defendants' conduct and actions alleged herein.

45. The named Plaintiffs' claims are typical of the claims of the class or classes described above, and the named Plaintiffs have the same interests as the other members of the class.

46. The named Plaintiffs will fairly and adequately represent and protect the interests of the class members. The named Plaintiffs have retained able counsel experienced in class action litigation. The interests of the named Plaintiffs are coincident with, and not antagonistic to, the interests of the other class members.

47. The questions of law and fact common to the members of the class or classes predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

48. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

49.     Plaintiffs also bring this case as a collective action under 29 U.S.C. § 216(b) on behalf of any individuals who have worked for Defendants promoting Credico's clients' products and services in California within the last three years who may choose to "opt in" to this case.

50.     Plaintiffs are similarly situated to all other individuals who have worked in California for Defendants promoting Credico's clients' products and services, and there is a group of similarly situated employees who were subject to Defendants' common policies and who are entitled to notice of this action under 29 U.S.C. § 216(b)

## COUNT I

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

51.     During many weeks, Plaintiffs and other workers promoting Credico's clients' products and services, fail to earn the federal minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.  This claim is brought by Plaintiffs on behalf of a class of similarly situated individuals, i.e. individuals who have worked for Defendants promoting Credico's clients' products and services in California.

## COUNT II

### FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

52.     Every week, Plaintiffs and other workers promoting Credico's clients' products and services are required to work over 40 hours. Plaintiffs and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week.  Defendants' knowing and willful failure to pay Plaintiffs and other similarly situated individuals overtime compensation to which they are entitled violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. This claim is brought on behalf of a class of similarly situated individuals, i.e. individuals who have worked for Defendants promoting Credico's clients' products and services in California.

**COUNT III**

**FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1194 AND 1197**

53.     During many weeks, Plaintiffs and other workers promoting Credico's clients' products and services, fail to earn the California minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training.  Defendants' failure to pay Plaintiffs and other workers minimum wage violates the California Labor Code §§ 1194 and 1197.  This claim is brought by Plaintiffs on behalf of a class of individuals who have worked in California for Defendants promoting Credico's clients' products and services.

**COUNT IV**

**FAILURE TO OVERTIME VIOLATION OF CALIFORNIA LABOR CODE §§ 510 AND 1194**

54.     Every week, Plaintiffs and other workers promoting Credico's clients' products and services are required to work over 40 hours.  Plaintiffs and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week, over 8 in one day, or on the seventh consecutive day in one work week, and are not compensated at twice their regular rate of pay for all hours worked over 12 in one day.  Defendants' failure to pay Plaintiffs and other workers overtime compensation to which they are entitled violates the Cal. Labor Code § 510 and 1194.  This claim is brought on behalf of a class of all individuals who have worked in California for Defendants promoting Credico's clients' products and services.

**COUNT V**

**FAILURE TO REIMBURSE FOR ALL NECESSARY BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802**

55.     Defendants' conduct, as set forth above, in misclassifying Plaintiffs and all other workers as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code §

2802.  This claim is brought by Plaintiffs on behalf of a class of individuals who have worked in California for Defendants promoting Credico's clients' products and services.

### COUNT VI

### FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF CALIFORNIA LABOR CODE § 226(a)

56.      Defendants' conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a).  This claim is brought by Plaintiffs on behalf of a class of individuals who have worked in California for Defendants promoting Credico's clients' products and services.

### COUNT VII

### VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

57.      As set forth above, Defendants are engaging in numerous illegal business practices that constitute unlawful and/or unfair and/or fraudulent business acts and/or practices within the meaning of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., including but not limited to misclassifying workers as independent contractors, failing to pay workers for all hours worked including overtime, failing to provide accurate and itemized wage statements, and failing to reimburse workers for all necessary business expenses.  This claim is brought by Plaintiffs on behalf of a class of individuals who have worked in California for Defendants promoting Credico's clients' products and services.

58.      Defendants' conduct constitutes one or more unfair business practices as defined in the UCL.  Defendants' conduct was and is unfair within the meaning of the UCL because it is unlawful, causes significant harm to Plaintiffs and similarly situated individuals, and is in no way counterbalanced by any legitimate utility to Defendants. In addition, the conduct offends established legislatively declared public policy and has been immoral, unethical, oppressive, and unscrupulous.  Plaintiffs and the class members have been injured by Defendants' illegal activities, which have deprived them of their rights as employees, including wages.  Plaintiffs and class members are entitled to restitution of monies due, disgorgement of the ill-gotten gains of Defendants, a preliminary and permanent injunction enjoining Defendants from continuing the

unlawful and unfair practices described herein, and to such other equitable relief as is appropriate under the UCL, including the fees and costs incurred in vindicating their rights and the public interest generally pursuant to California Code of Civil Procedure § 1021.1 and any other applicable law.

## COUNT VII

### WAIT-TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 203

59.    Defendants' conduct, as set forth above, in failing to timely pay all wages owed upon the the cessation of Plaintiff's employment, constitutes a violation of California Labor Code § 203.  This claim is brought by Plaintiffs on behalf of a class of individuals who have worked in California for Defendants promoting Credico's clients' products and services.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the members of the putative class, pray for relief as follows:

a.    Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

b.    Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

c.    Designation of Plaintiffs as representatives of the putative class and collective action;

d.    Designation of Plaintiffs' Counsel as Class Counsel for the putative class and collective action;

e.    Damages as appropriate;

f.    Restitution pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;

g.    Liquidated damages pursuant to federal and state law;

h.    Statutory penalties pursuant to Cal. Lab. Code § 226;

i.    Pre-judgment and post-judgment interest;

j.    Attorneys' fees and costs;

k.    Any other relief to which the plaintiffs and class members may be entitled; and

l.    A trial by jury.

Dated: March 8, 2017

Respectfully submitted,

MANTE RODRIGUEZ and VALERIE MORALES,
individually and on behalf of all others similarly situated,

By their attorneys,

/s/ Michael L. Freedman
MICHAEL L. FREEDMAN (262850)
mfreedman@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
(415) 630-2651

HAROLD LICHTEN (pro hac vice anticipated)
hlichten@llrlaw.com
JILL KAHN (pro hac vice anticipated)
jkahn@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800