HAROLD LICHTEN (admitted *pro hac vice*)
JILL KAHN (admitted *pro hac vice*)
hlichten@llrlaw.com, jkahn@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

MATTHEW CARLSON (SBN 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
(415) 630-2651

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANTE RODRIGUEZ, VALERIE MORALES, and DEANDRE STOVALL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CREDICO (USA) LLC,<br><br>Defendant | Case No. 3:17-cv-01221-LB<br><br>**FIRST AMENDED CLASS ACTION AND COLLECTIVE ACTION COMPLAINT** |

## II. INTRODUCTION

1. This class action is brought by Mante Rodriguez ("Rodriguez"), Valerie Morales ("Morales") and Deandre Stovall ("Stovall") (collectively "Plaintiffs"), who have worked for Credico (USA) LLC ("Credico" or "Defendant"), promoting Credico's clients' products and services. Credico has been operating as a joint employer of Plaintiffs, and of all workers promoting its clients' products and services, such as Assurance Wireless free cell phones and wireless service, in California and elsewhere in the United States. Credico has perpetrated a nationwide pyramid scheme, whereby a network of over 200 companies across the country, including Red Tower Marketing ("Red Tower") and Allegiance Advertising ("Allegiance"), operate as Credico's subcontractors, and contract with workers who provide face-to-face marketing services for Credico's clients. Credico exercises control over the day-to-day operations of the companies in its network, including Red Tower and Allegance.

2. As detailed below, Credico has utilized both employees and independent contractors to perform face-to-face marketing services for its clients. Plaintiffs Rodriguez and Morales were classified as independent contractors while performing work for Credico, and Plaintiff Stovall was classified as an employee. Regardless of how they are classified, these individuals perform the same work, and have the same compensation structure, whereby they are paid a set amount for each qualified customer they sign up. These individuals are not paid a minimum wage for all hours worked, are not paid overtime for hours worked in excess of 40 a week, and are required to pay out of pocket for various expenses associated with their work.

3. As a precondition of their work for Credico, the workers are required to participate in unpaid training that can last up to several weeks. Upon completion of their training, the workers are required to work approximately 12-hour shifts, five or six days per week, are instructed in the details of their job performance, and are monitored and reviewed frequently. Credico's workers are required to report to their subcontractor office every morning, where they participate in required team meetings

and training sessions, and to report back to the subcontractor office every night to discuss each worker's results from the day. Credico pays its workers solely a set fee for each qualified customer they sign up for Credico's clients' services.

4. Credico fails to pay these workers minimum wage for all hours worked, and overtime for hours worked over 8 in a day, over 40 in a week, and on the seventh consecutive day in a work week, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., and the California Labor Code §§ 510, 1194 and 1197. Credico also fails to reimburse workers for all necessary business expenses (Cal. Labor Code § 2802), to provide workers with itemized wage statements (Cal. Labor Code § 226), and to timely pay workers who are terminated or voluntarily all wages owed (Cal Labor Code § 203).

5. Plaintiffs bring claims as a collective action under 29 U.S.C. § 216(b) on behalf of individuals who have worked for Credico through one of its subcontractors in the United States. Plaintiffs Rodriguez and Morales bring claims on behalf of a subclass of individuals who were classified as independent contractors. Plaintiff Stovall brings claims on behalf of a subclass of individuals who were classified as employees. Plaintiffs also bring claims a class action under Federal Rule of Civil Procedure 23 on behalf of workers who have worked for Credico through one of its subcontractors in California. Plaintiffs Rodriguez and Morales bring claims on behalf of a subclass of individuals who were classified as independent contractors. Plaintiff Stovall brings claims on behalf of a subclass of individuals who were classified as employees. Plaintiffs seek restitution of all wages of which they were deprived, and all other relief to which they are entitled.

## II. PARTIES

6. Plaintiff Mante Rodriguez is an adult resident of Oakland, California. Mr. Rodriguez worked for Credico and its subcontractor Red Tower Marketing promoting Credico's clients' products and services in and around the San Francisco Bay Area

from February 2015 through May 2015. During this time Rodriguez was classified as an independent contractor.

7. Plaintiff Valerie Morales is an adult resident of Oakland, California. Ms. Morales worked for Credico and its subcontractor Red Tower Marketing promoting Credico's clients' products and services in and around the San Francisco Bay Area from February 2015 through May 2015. During this time Rodriguez was classified as an independent contractor.

8. Plaintiff Deandre Stovall is an adult resident of Spring Valley, California. Mr. Stovall worked for Credico and its subcontractor Allegiance Advertising between March 2015 and September 2016. During this time Stovall was classified as an exempt employee.

9. Defendant Credico (USA) LLC ("Credico"), is a Delaware corporation with its principal place of business located at 525 W. Monroe Street, Suite 2350, Chicago, Illinois 60661.

## III. JURISDICTION AND VENUE

10. This Court has general federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the Plaintiffs have brought claims pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

11. The Court has supplemental jurisdiction over Plaintiffs' California state law claims pursuant to 28 U.S.C. § 1367 because these claims are so related to Plaintiffs' claims under the FLSA that they form part of the same case or controversy.

## IV. STATEMENT OF FACTS

12. Defendant Credico contracts with companies in the telecommunications, financial services, and energy industries, as well as charitable organizations, to provide face-to-face marketing services through its network of workers located throughout the country.

13. Credico's clients include six Fortune 500 companies, including Verizon Communications Inc. and Sprint Nextel Corp.

14. In order to provide services for Credico, workers must associate with one of the companies in Credico's nationwide network.

15. Credico determines the criteria a worker must meet in order to start his own company in the Credico network. These criteria include the number of other workers whom the potential business owner has recruited for Credico, and the amount of money the potential business owner has to start his company. Once Credico determines that a worker can create his own company, it has control over the location in which the company will operate, and for which Credico client its workers will provide services.

16. Credico receives a portion of the earnings that each of the companies in its network receive for signing up new customers for Credico's clients.

17. Each of the companies in Credico's network must train its workers according to Credico's "Management Training Program." This program dictates the manner in which the companies train their workers, and the manner in which the workers can approach potential customers.

18. Credico's Management Training Program also dictates the number of hours that the workers must work each week, and the manner in which they must be paid.

**a. Red Tower and Allegiance Advertising are Controlled by Credico**

19. Red Tower and Allegiance are required to train their workers according to Credico's "Management Training Program." Credico's Management Training Program also dictates the number of hours that Red Tower and Allegiance's workers must work each week, and the manner in which their workers must be paid.

20. Both Credico and Red Tower or Allegiance receive a portion of the revenue paid by Credico's clients when Red Tower or Allegiance's workers sign up new customers for their products and services.

### b. Credico's Failure to Pay Minimum Wage or Overtime Pursuant to the FLSA and California Labor Code

21. Each of Credico's workers is assigned to promote the products or services of a specific client, including AT&T and Assurance Wireless, a brand owned by Sprint Nextel Corp. Credico's workers approach potential customers in order to promote these products and services.

22. Credico's workers perform work that is within the usual course of Credico's business, namely providing face-to-face marketing services.

23. Credico's workers are supervised closely by its agents. They are instructed in the details of their job performance, hours and location worked, and are monitored and reviewed frequently. Credico and its subcontractors set weekly targets for these workers, who can be terminated for failure to meet these goals.

24. Plaintiffs and others similarly situated did not provide face-to-face marketing services for anyone other than Credico while working for Credico and its subcontractors.

25. All of the workers who provide face-to-face marketing services for Credico through its subcontractors, such as Red Tower and Allegiant, are jointly employed by Credico and the subcontractors pursuant to federal and California law.

26. By virtue of the fact that they perform services within Credico's usual course of business, the extensive control Credico exerts over them, and the fact that they are not customarily engaged in an independently established face-to-face marketing business, Plaintiffs Rodriguez and Morales and other individuals who have been classified as independent contractors are in fact employees of Credico and its subcontractors.

27. Further, Plaintiffs and class members are not exempt from the minimum wage and overtime provisions of the FLSA and California state law. Plaintiffs and class members market Credico's clients' products and services at a designated location assigned by Credico and its subcontractors, using strategies mandated by Credico and its subcontractors, and are only paid a set fee for customers they have successfully signed up.

28. As a precondition of employment, Credico requires that its workers participate in a training period.

29. During this required training period, Credico's trainees shadow workers at Credico's subcontractor offices in order to learn Credico's standards and practices. Training may take up to several weeks to complete. Workers are not paid any wages for their work during the training period.

30. During the training period, the workers learn Credico's marketing strategies, which they are required to employ once working for Credico and its subcontractors.

31. Once the workers complete their training, they begin working for Credico and its subcontractors. The workers are required to work approximately 12 hours per day, Monday through Friday. Occasionally, the workers are also required to on Saturdays or work seven days in a week.

32. Credico and its subcontractors require their workers to report to their offices at a certain time each morning for required team meetings and training sessions. Credico and its subcontractors then assign their workers the location to which they must report for their required shift. Credico and its subcontractors require their workers to use their own cars to drive from the office to their assigned location. Credico and its subcontractors require these workers to transport other workers as well. Credico and its subcontractors do not reimburse workers for gas or mileage.

33. At the end of their shift, the workers are required to report back to Credico subcontractors' offices by a certain time, where they must participate in additional team meetings.

34. Credico and its subcontractors set weekly targets for their workers, and track their sign-ups. Workers can be terminated for failure to meet these targets in a given week.

35. The workers are paid solely a set fee per sign up. Credico only pays the workers if the customer ultimately completes the transaction successfully.

36. As a result of Credico's payment scheme, workers routinely earn an hourly rate that is less than the California and federal minimum wage, especially when gas and mileage expenses are taken into account.

37. Credico and its subcontractors' workers are typically required to work about 60 hours per week. As a result of Defendants' payment scheme, the workers have not been paid time-and-a-half for hours worked over 40 in a single week (under both federal and California law) or over 8 in one day (California law). The workers are also not paid time-and-a-half for all hours worked on the seventh consecutive day in a work week or twice their regular rate of pay for all hours worked in excess of 12 in one day, as required by California law.

38. Credico has failed to provide Plaintiffs and other workers with itemized wage statements showing the workers' hours worked, total wages earned, all deductions from wages, and all other information required by Cal. Lab. Code § 226(a).

39. Credico has failed to indemnify Plaintiffs and other workers for all necessary business expenses, as required by Cal. Lab. Code § 2802. In order to perform their work for Credico and its subcontractors, Plaintiffs must travel from Credico's subcontractor offices to the sites at which they perform their work and then back to their subcontractor office at the end of the day. Plaintiffs and other workers paid for all expenses related with this travel, including, but not limited to, gas, insurance, and vehicle depreciation out of pocket. The travel to and from the work sites was necessary for Plaintiffs and other workers to perform their work for Credico and its subcontractors.

## V. CLASS ACTION ALLEGATIONS

40. Plaintiffs bring class action claims pursuant to Federal Rule of Civil Procedure 23, on behalf of the following subclasses:

   a. Plaintiffs Mante Rodriguez and Valerie Morales bring class action claims on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as independent contractors.

b. Plaintiff Deandre Stovall brings this action as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as employees.

### a. Independent Contractor Class

41. Plaintiffs Rodriguez and Morales and other class members have uniformly been misclassified as independent contractors.

42. By virtue of the fact that they perform services within Credico's usual course of business, the extensive control Credico and its subcontractors exert over them, and the fact that they are not customarily engaged in an independently established face-to-face marketing business, Plaintiffs Rodriguez and Morales and independent contractor class members are not independent contractors, as Credico and its subcontractors have classified them.

43. The members of the class are so numerous that joinder of all class members is impracticable.

44. Common questions of law and fact exist as to members of the independent contractor class, including whether they were misclassified as independent contractors, and whether they received minimum wage and overtime compensation for all hours worked.

45. Plaintiffs Rodriguez and Morales are members of the class described above, who suffered damages as a result of Credico's conduct and actions alleged herein.

46. Plaintiffs Rodriguez and Morales' claims are typical of the claims of the class described above, and Plaintiffs Rodriguez and Morales have the same interests as the other members of the class.

47. Plaintiffs Rodriguez and Morales will fairly and adequately represent and protect the interests of the class members. Plaintiffs Rodriguez and Morales have retained able counsel experienced in class action litigation. The interests of Plaintiffs

Rodriguez and Morales are coincident with, and not antagonistic to, the interests of the other class members.

48. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

49. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

**b. Employee Class**

50. Plaintiff Stovall and other class members were classified as exempt employees and were not paid minimum wage or overtime for all hours worked in excess of 40 a week.

51. Plaintiff Stovall and employee class members are not exempt from the minimum wage and overtime requirements of California law. The employee class members report to an assigned location each day, where they attempt to sign up customers using strategies dictated by Credico and its subcontractors. They are paid solely a set fee per sign up, and are only paid if the customer ultimately completes the transaction successfully.

52. The members of the class are so numerous that joinder of all class members is impracticable.

53. Common questions of law and fact exist as to members of the employee class, including whether they were misclassified as exempt employees, and whether they received minimum wage and overtime compensation for all hours worked.

54. Plaintiff Stovall is a member of the class described above, who suffered damages as a result of Credico's conduct and actions alleged herein.

55. Plaintiff Stovall's claims are typical of the claims of the class described above, and Plaintiff Stovall has the same interests as the other members of the class.

56. Plaintiff Stovall will fairly and adequately represent and protect the interests of the class members. Plaintiff Stovall has retained able counsel experienced in class action litigation. The interests of Plaintiff Stovall are coincident with, and not antagonistic to, the interests of the other class members.

57. The questions of law and fact common to the members of the class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because joinder of all class members is impractical. Moreover, since the damages suffered by individual class members may be relatively small, the expense and burden of individual litigation makes it practically impossible for the members of the class individually to redress the wrongs done to them. Prosecution of this action as a class action will eliminate the possibility of repetitive litigation. There will be no difficulty in the management of this action as a class action.

## VI.   COLLECTIVE ACTION ALLEGATIONS

59. Plaintiffs bring collective action action claims under 29 U.S.C. § 216(b) on behalf of the following subclasses:

   a.   Plaintiffs Mante Rodriguez and Valerie Morales bring collective action claims on behalf of any individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services within the last three years and were classified as independent contractors who may choose to "opt in" to this case.

b. Plaintiff Deandre Stovall brings collective action claims on behalf of any individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services within the last three years and were classified as employees who may choose to "opt in" to this case.

60. Plaintiffs are similarly situated to all other individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services, and represent groups of similarly situated employees who were subject to Defendants' common policies and who are entitled to notice of this action under 29 U.S.C. § 216(b).

## COUNT I

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

**(on behalf of the independent contractor class)**

61. During many weeks, Plaintiffs Rodriguez and Morales and other workers promoting Credico's clients' products and services, fail to earn the federal minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Credico's knowing and willful failure to pay Plaintiffs and other similarly situated individuals minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

62. This claim is brought by Plaintiffs Rodriguez and Morales on behalf of any individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services within the last three years and were classified as independent contractors who may choose to "opt in" to this case.

## COUNT II

### FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF FLSA

**(on behalf of the employee class)**

63. During many weeks, Plaintiff Stovall and other workers promoting Credico's clients' products and services, fail to earn the federal minimum wage for all hours worked, particularly at the beginning of their employment when they are required to

participate in unpaid training. Credico's knowing and willful failure to pay Stovall and other similarly situated individuals minimum wage violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

64. This claim is brought by Plaintiff Stovall on behalf of any individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services within the last three years and were classified as employees who may choose to "opt in" to this case.

## COUNT III

### FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

**(on behalf of the independent contractor class)**

65. Every week, Plaintiffs Rodriguez and Morales and other workers promoting Credico's clients' products and services are required to work over 40 hours. Plaintiffs and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week. Credico's knowing and willful failure to pay Plaintiffs and other similarly situated individuals overtime compensation to which they are entitled violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

66. This claim is brought by Plaintiffs Rodriguez and Morales on behalf of any individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services within the last three years and were classified as independent contractors who may choose to "opt in" to this case.

## COUNT IV

### FAILURE TO PAY OVERTIME IN VIOLATION OF FLSA

**(on behalf of the employee class)**

67. Every week, Plaintiff Stovall and other workers promoting Credico's clients' products and services are required to work over 40 hours. Plaintiff Stovall and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week. Credico's knowing and willful failure to pay Stovall

1    and other similarly situated individuals overtime compensation to which they are
2    entitled violates the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.

68. This claim is brought by Plaintiff Stovall on behalf of any individuals who have worked for Credico and its subcontractors promoting Credico's clients' products and services within the last three years and were classified as employees who may choose to "opt in" to this case.

## COUNT V
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1194 AND 1197
**(on behalf of the independent contractor class)**

69. During many weeks, Plaintiffs Rodriguez and Morales and other workers promoting Credico's clients' products and services, fail to earn the California minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Credico's failure to pay Plaintiffs and other workers minimum wage violates the California Labor Code §§ 1194 and 1197.

70. This claim is brought by Plaintiffs Rodriguez and Morales on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as independent contractors.

## COUNT VI
## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA LABOR CODE §§ 1194 AND 1197
**(on behalf of the employee class)**

71. During many weeks, Plaintiff Stovall and other workers promoting Credico's clients' products and services, fail to earn the California minimum wage for all hours worked, particularly at the beginning of their employment when they are required to participate in unpaid training. Credico's failure to pay Stovall and other workers minimum wage violates the California Labor Code §§ 1194 and 1197.

72. This claim is brought by Plaintiff Stovall on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as employees.

## COUNT VII

**FAILURE TO OVERTIME VIOLATION OF CALIFORNIA LABOR CODE §§ 510 AND 1194**

**(on behalf of the independent contractor class)**

73. Every week, Plaintiffs Rodriguez and Morales and other workers promoting Credico's clients' products and services are required to work over 40 hours. Plaintiffs and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week, over 8 in one day, or on the seventh consecutive day in one work week, and are not compensated at twice their regular rate of pay for all hours worked over 12 in one day. Credico's failure to pay Plaintiffs and other workers overtime compensation to which they are entitled violates the Cal. Labor Code § 510 and 1194.

74. This claim is brought by Plaintiffs Rodriguez and Morales on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as independent contractors.

## COUNT VIII

**FAILURE TO OVERTIME VIOLATION OF CALIFORNIA LABOR CODE §§ 510 AND 1194**

**(on behalf of the employee class)**

75. Every week, Plaintiff Stovall and other workers promoting Credico's clients' products and services are required to work over 40 hours. Plaintiff Stovall and these similarly situated workers are not compensated time-and-a-half for those hours worked over 40 in one week, over 8 in one day, or on the seventh consecutive day in one work week, and are not compensated at twice their regular rate of pay for all hours worked over 12 in one day. Credico's failure to pay Plaintiff Stovall and other

workers overtime compensation to which they are entitled violates the Cal. Labor Code § 510 and 1194.

76. This claim is brought by Plaintiff Stovall on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as employees.

## COUNT IX

## FAILURE TO REIMBURSE FOR ALL NECESSARY BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802

**(on behalf of the independent contractor class)**

77. Credico's conduct, as set forth above, in misclassifying Plaintiffs Rodriguez and Morales and all other class members as independent contractors, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code § 2802.

78. This claim is brought by Plaintiffs Rodriguez and Morales on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as independent contractors.

## COUNT X

## FAILURE TO REIMBURSE FOR ALL NECESSARY BUSINESS EXPENSES IN VIOLATION OF CALIFORNIA LABOR CODE § 2802

**(on behalf of the employee class)**

79. Credico's conduct, as set forth above, in misclassifying Plaintiff Stovall and all other class members as exempt employees, and failing to reimburse them for expenses they paid that should have been borne by their employer, constitutes a violation of California Labor Code § 2802.

80. This claim is brought by Plaintiff Stovall on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as employees.

## COUNT XI

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF

## CALIFORNIA LABOR CODE § 226(a)

### (on behalf of the independent contractor class)

81. Credico's conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a).

82. This claim is brought by Plaintiffs Rodriguez and Morales on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as independent contractors.

## COUNT XII

## FAILURE TO PROVIDE ITEMIZED WAGE STATEMENTS IN VIOLATION OF

## CALIFORNIA LABOR CODE § 226(a)

### (on behalf of the employee class)

83. Defendants' conduct, as set forth above, in failing to provide itemized wage statements, as required by California state law, violates Cal. Lab. Code § 226(a).

84. This claim is brought by Plaintiff Stovall on behalf of all individuals who have worked in California promoting Credico's clients' products and services and were classified as employees.

## COUNT XIII

## VIOLATION OF CALIFORNIA BUSINESS & PROFESSIONS CODE § 17200 ET SEQ.

85. As set forth above, Credico is engaging in numerous illegal business practices that constitute unlawful and/or unfair and/or fraudulent business acts and/or practices within the meaning of the Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 et seq., including but not limited to misclassifying workers as independent contractors, misclassifying workers as exempt employees, failing to pay workers for all hours worked including overtime, failing to provide accurate and itemized wage statements, and failing to reimburse workers for all necessary business expenses.

86. Credico's conduct constitutes one or more unfair business practices as defined in the UCL. Credico's conduct was and is unfair within the meaning of the UCL because it is unlawful, causes significant harm to Plaintiffs and similarly situated individuals, and is in no way counterbalanced by any legitimate utility to Credico. In addition, the conduct offends established legislatively declared public policy and has been immoral, unethical, oppressive, and unscrupulous. Plaintiffs and the class members have been injured by Credico;s illegal activities, which have deprived them of their rights as employees, including wages. Plaintiffs and class members are entitled to restitution of monies due, disgorgement of the ill-gotten gains of Credico, a preliminary and permanent injunction enjoining Credico from continuing the unlawful and unfair practices described herein, and to such other equitable relief as is appropriate under the UCL, including the fees and costs incurred in vindicating their rights and the public interest generally pursuant to California Code of Civil Procedure § 1021.1 and any other applicable law.

## COUNT XIV

**WAIT-TIME PENALTIES PURSUANT TO CALIFORNIA LABOR CODE § 203**

87. Credico's' conduct, as set forth above, in willfully failing to timely pay all wages owed upon the the cessation of Plaintiffs' employment, constitutes a violation of California Labor Code § 203.

88. Plaintiffs and class members who no longer work for Credico and its subcontractors are entitled to penalties under Cal. Lab. Code § 203, which provides that, if an employer willfully fails to pay an employee all wages due within 72 hours of their termination, the employee's wages shall continue as a penalty until paid for a period of up to 30 days form the time they were due.

## PRAYER FOR RELIEF

Plaintiffs, on behalf of themselves and the members of the putative classes, pray for relief as follows:

    a. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23;

b. Issuance of notice allowing similarly situated individuals to opt in to this case pursuant to the Fair Labor Standards Act, 28 U.S.C. § 216(b);

c. Designation of Plaintiffs as representatives of the putative class and collective actions;

d. Designation of Plaintiffs' Counsel as Class Counsel for the putative class and collective action;

e. Damages as appropriate;

f. Restitution pursuant to Cal. Bus. & Prof. Code § 17200, et seq.;

g. Liquidated damages pursuant to federal and state law;

h. Statutory penalties pursuant to Cal. Lab. Code § 226;

i. Pre-judgment and post-judgment interest;

j. Attorneys' fees and costs;

k. Any other relief to which the Plaintiffs and class members may be entitled; and

l. A trial by jury.

Dated: June 13, 2017　　　　　　　　Respectfully submitted,

MANTE RODRIGUEZ, VALERIE MORALES and DEANDRE STOVALL, individually and on behalf of all others similarly situated,

By their attorneys,

*/s/ Harold Lichten*
HAROLD LICHTEN (admitted *pro hac vice*)
hlichten@llrlaw.com
JILL KAHN (admitted *pro hac vice*)
jkahn@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

MATTHEW CARLSON (SBN 273242)
mcarlson@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
466 Geary St., Suite 201
San Francisco, CA 94102
(415) 630-2651

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 13, 2017, a copy of the foregoing document was served by electronic filing on all counsel of record.

*/s/ Harold Lichten*
Harold Lichten