HAROLD LICHTEN (*admitted pro hac vice*)
hlichten@llrlaw.com
Shannon Liss-Riordan (#310719)
sliss@llrlaw.com
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
(617) 994-5800

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MANTE RODRIGUEZ, VALERIE MORALES, DEANDRE STOVALL, and CRYSTAL HAMILTON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br>v.<br><br>CREDICO (USA) LLC,<br><br>Defendant. | Case No. 3:17-cv-01221-LB<br><br>**PLAINTIFFS' UNOPPOSED MOTION FOR SETTLEMENT APPROVAL**<br><br>**Hearing:** July 12, 2018, 9:30 AM<br>Courtroom C – 15th Floor<br>The Hon. Laurel Beeler |

Plaintiffs claim to have worked promoting the products and services of Credico (USA) LLC's ("Defendant" or "Credico") clients. In this case, Plaintiffs allege that Credico operated as their joint employer, as well as the joint employer of all workers promoting its clients' products and services, such as Assurance Wireless free cell phones and wireless service, in California and elsewhere in the United States. Credico has denied—and continues to deny—that it employed Plaintiffs or that it is otherwise liable to Plaintiffs for any of the claims alleged. Credico further contends that the outside salesperson exemptions of the FLSA and the California Labor Code, defeat Plaintiffs' claims. As alleged in Plaintiffs' Second Amended Complaint (ECF No. 42), a network of approximately 200 companies across the country, including Red Tower Marketing, Allegiance Advertising, and Berkeley Executives, Inc. operate as Credico's subcontractors, and

contract with workers who provide face-to-face marketing and sales services for Credico's clients. Plaintiffs allege that Credico exercises control over the day-to-day operations of the companies in its network, including Red Tower, Allegiance, and Berkeley Executives. Credico denies exercising control over "day-to-day operations" and further denies that it controls the work of those third-party corporate contractors it engages to perform certain direct sales services.

Plaintiffs Rodriguez and Morales were classified as independent contractors while allegedly performing work for Credico, and Plaintiff Stovall was classified as an employee. Upon information and belief, at various times, Plaintiff Hamilton Peterson was classified as an independent contractor from March 2015 through September 2015, as an exempt employee from September 2015 through March 2016. Plaintiffs allege that, regardless of how they were classified, these individuals performed the same work, and had the same compensation structure, whereby they were paid a set amount for each qualified customer they signed up. Credico denies that it determined the compensation paid to any individual worker or that it otherwise played any role in the hiring or firing of any worker.

Plaintiffs allege that Credico has failed to pay them minimum wage and overtime compensation for hours worked beyond 40 per week and has required them to pay out of pocket for various expenses necessary to perform their work, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA") and the California Labor Code. Credico denies that it jointly-employed Plaintiffs under federal or California law, and therefore, denies that it is liable to Plaintiffs for any of these claims.

In addition to the named plaintiff, three opt-ins – Katherine Lyness, Greg St. Plice, and Jonathan Lodato – have joined this case. These individuals are referred to collectively as the "Opt-ins."

There are bona fide disputes as to both liability and damages in this matter. Defendant denies that it was the Plaintiffs' and Opt-ins' joint employer. Defendant contends that it is not liable to the Plaintiffs and Opt-ins in any amount, on any theory whatsoever. Defendant has further asserted that the Plaintiffs and Opt-ins are subject to the outside salesperson exemption under state and federal law. Indeed, in another case which was brought against Credico in the Southern District of New York, and which involved similar allegations against Credico, the court granted summary judgment to Credico, finding that Credico is not liable as the Plaintiffs' joint employer under the FLSA and that the plaintiffs were outside salespeople exempt from the requirements of the FLSA. See Vasto v. Credico (USA) LLC, 1:15-cv-09298-PAE, Dkt. No. 247 (S.D.N.Y. Oct. 27, 2017). There was a significant risk that the court in this case would likewise find that Credico was not Plaintiffs' joint employer and/or that Plaintiffs were subject to the outside sales exemption, thus precluding their recovery under the FLSA. Similar risks accompanied Plaintiffs' claims under the California Labor Code. Although the recently issued decision in Dynamex[1] adopts an ABC test for determining employment status, which is more favorable to Plaintiffs than the FLSA's economic realities test, Plaintiffs would also need to demonstrate that they were not subject to the outside sales exemption under the California Labor Code (CA Labor Code 1171). California's outside sales exemption covers both the minimum wage and the overtime provisions of the California Labor Code. If the Court were to find that Plaintiffs were exempt outside salespeople under California law, their recovery would be entirely barred.

Indeed, at the time of the settlement, Credico filed a motion for summary judgment in this case (ECF #89) relying upon deposition testimony of Plaintiff Morales and Plaintiff Stovall

---

[1] Dynamex Operations West, Inc. v. The Superior Court of Los Angeles County, Super Ct. No. BC332016, p. 7 (Cal. Apr. 30, 2018)

to establish that Credico did not jointly employ Plaintiffs and that Plaintiffs were exempt outside salespersons. Referencing the Vasto opinion, Credico argued that summary judgment was proper in this case as well. Plaintiffs opposed Credico's motion and contended that additional discovery in this matter was needed.

Credico also filed a motion to compel arbitration (ECF # 75) based upon arbitration agreements executed by Plaintiff Stovall and Plaintiff Lodato. These arbitration agreements provided that Plaintiffs' claims in this matter must be submitted to binding arbitration only, and further provided that Plaintiffs may only pursue claims individually (i.e., not as a class). Credico further anticipated that a substantial number of putative class members would have similar arbitration agreements in place. Without conceding any claims or defenses, the parties have reached an agreement in order to settle the claims of Plaintiffs and Opt-ins. The parties' proposed settlement agreement is attached hereto as Exhibit A. Because FLSA settlements require court approval, the parties are now seeking the Court's approval of the settlement of their claims under the FLSA. See 29 U.S.C. § 216(b); Dunn v. Teachers Ins. and Annuity Assoc. of America, 2016 WL 153266 at *3 (N.D. Cal. Jan. 13, 2016) ("Most courts hold that an employee's overtime claim under FLSA is non-waivable and, therefore, cannot be settled without supervision of either the Secretary of Labor or a district court."). When assessing proposed settlements under the FLSA, courts must determine whether the parties' proposed settlement represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." Otey v. CrowdFlower, Inc., 2015 WL 6091741, at * 4 (N.D. Cal. Oct. 15, 2016) (quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div., 679 F.2d 1350, 1353 (11th Cir.1982)).

Here, there is no question that the settlement for the seven Plaintiffs and Opt-ins is fair, reasonable, and adequate, based upon arms' length bargaining by experienced counsel representing

both sides, and a settlement of a bona fide dispute. Under the agreement, Credico will pay $5,000.00 each to Plaintiffs Rodriguez and Morales; $13,751.00 to Plaintiff Stovall; $8,509.00 to Plaintiff Hamilton Peterson; $6,990.00 to Opt-in Lodato; and $1,000,00 each to Opt-ins Lyness and St. Plice. This recovery takes into account the various factors, discussed above, which may have precluded Plaintiffs' and opt-ins' recovery altogether.

The settlement agreements provides that Plaintiffs' counsel will receive 25% of the total settlement amount of $55,000.00, or $13,750.00, to cover both attorneys' fees and costs in pursuing the action. In common fund settlements, the Ninth Circuit sets a "benchmark" fee award at 25% of the recovery obtained. In re Online DVD-Rental Antitrust Litig., 779 F.3d 934, 949 (9th Cir. 2015). The amount requested here is consistent with this benchmark and represents fair compensation to Plaintiffs' counsel for the work performed in this case leading up to settlement.

## CONCLUSION

For the reasons stated herein, the proposed settlement is fair, reasonable, and adequate, and the Court should approve the settlement agreements, attached hereto as Exhibit A.

Dated: June 1, 2018                 Respectfully submitted,

                                        MANTE RODRIGUEZ, VALERIE MORALES, DEANDRE STOVALL, and CRYSTAL HAMILTON, individually and on behalf of all others similarly situated,

                                        By their attorneys,

                                        */s/ Harold Lichten*
                                        HAROLD LICHTEN (*admitted pro hac vice*)
                                        hlichten@llrlaw.com
                                        Shannon Liss-Riordan (#310719)
                                        sliss@llrlaw.com
                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston Street, Suite 2000
                                        Boston, MA 02116
                                        (617) 994-5800

## CERTIFICATE OF SERVICE

I hereby certify that on June 1, 2018, a copy of the foregoing document was served by electronic filing on all counsel of record.

                                        /s/ Harold Lichten
                                        Harold Lichten, Esq.