# EXHIBIT A

## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE OF ALL CLAIMS

This Confidential Settlement Agreement and General Release of all claims (the "Agreement") is made between Defendant Credico (USA) LLC (the "Company" or "Defendant"), and named Plaintiffs Amarante Rodriguez, Valerie Morales, Deandre Stovall, Crystal Hamilton Peterson, and Opt-in Plaintiffs Jonathan Lodato, Gregory St. Plice, and Katherine Lyness (collectively "Plaintiffs" or "Individual Plaintiffs"). Defendant and Plaintiffs are collectively referred to herein as the "Parties."

### RECITALS:

1.0   WHEREAS, there are certain controversies, complaints, charges or allegations between the Plaintiffs, on the one hand, and the Company on the other hand, arising out of the Plaintiffs' alleged work promoting services or products;

1.1   AND WHEREAS, on March 8, 2017, the named Plaintiffs, purporting to act on behalf of a class of "similarly situated" individuals, filed a "Class Action and Collective Action Complaint" in the U.S. District Court for the Northern District of California asserting several claims against Defendant in the matter of *Rodriguez, et al. v. Credico (USA) LLC* 17 cv 01221 (N.D. Cal.) (the "Litigation"). Plaintiffs allege that Defendant was their joint employer under federal and state law, that they are owed additional compensation, that they are entitled to reimbursements for alleged business expenses, and that Defendant owes Plaintiffs damages based upon such allegations as well as liquidated damages, civil and statutory penalties, interest and attorneys' fees, in addition to other claimed damages;

1.2   AND WHEREAS, on or about May 19, 2017, Plaintiff Stovall, through counsel, notified Defendant that he filed a claim pursuant to the Private Attorney General Act of 2004 asserting substantially the same matters as set forth in the Litigation (the "Stovall PAGA Claim.");

1.3   AND WHEREAS, Defendant has denied, and continues to deny, each and every one of the Plaintiffs' claims, including Plaintiffs' claims that Defendant was their joint employer. Defendant contends that it is not liable to the Plaintiffs in any amount, on any theory whatsoever. Defendant has further asserted that the Plaintiffs are exempt from any relief sought pursuant to the outside salesperson exemption under state and federal law. Defendant is agreeing to this Agreement solely to avoid the time and expense of further litigation;

1.4   AND, WHEREAS, Plaintiffs warrant that they have not sold, assigned, or transferred any claim or cause of action which they have or have had against Defendant or any other person or entity who is covered by this Agreement and the release of claims.

1.5   AND, WHEREAS, the Parties wish to resolve all issues and claims arising between Plaintiffs and Defendant.

THEREFORE, in consideration of the mutual promises, assurances, and covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, the Parties agree as follows:

# AGREEMENT

2.1    <u>Settlement Amount and Payment By Defendant</u>.  In consideration of Plaintiffs' release of the claims as set forth herein, as well as a release of any claim for the recovery of attorneys fees or legal costs, the Parties agree as follows: Within thirty (30) days after the Effective Date of this Agreement (as defined below) and the Company's receipt of properly completed and signed W-9 tax forms, Defendant shall pay the total sum of Fifty-Five Thousand U.S. Dollars and No Cents ($55,000.00), to Lichten & Liss-Riordan, P.C. after the conditions precedent to payment as set forth in this Agreement have been fully satisfied, which shall place said funds in an IOLTA account to be paid as follows:

<u>To Mr. Rodriguez</u>: $5,000 (5,000 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to Mr. <u>Rodriguez</u> after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Ms. Morales</u>: $5,000 (5,000 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to Ms. Morales after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Mr. Stovall</u>: $13,751 (13,751 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to Ms. <u>Stovall</u> after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Ms. Hamilton Peterson</u>:  $8,509 (8,509 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to <u>Ms. Hamilton Peterson</u> after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Mr. Lodato</u>: $6,990 (6,990 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to <u>Mr. Lodato</u> after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Mr. St. Plice</u>:  $1,000 (1,000 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to <u>Mr. St. Plice</u> after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Ms. Lyness</u>: $1,000 (1,000 dollars and 00 cents), for which no tax withholdings will be made, and for which a Form 1099 will be issued.  Payment will be made by check to <u>Ms. Lyness</u> after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

<u>To Lichten & Liss-Riordan, P.C.</u>: $13,750 (13,750 dollars and 00 cents) for attorneys' fees and expenses, for which no tax withholdings will be made, and for which a Form 1099 will be issued to Lichten & Liss-Riordan, P.C. and to each of the Plaintiffs. These payments will be made

by check to Lichten & Liss-Riordan, P.C. after the conditions precedent to payment as set forth in this Agreement have been fully satisfied.

Each recipient of settlement payments shall be responsible for their respective taxes in connection with their payments.

    2.2    <u>Release by Plaintiffs</u>. As consideration for the payments referenced above, Individual Plaintiffs, on behalf of themselves, as well as their spouses, heirs, executors, personal or legal representatives and administrators, hereby forever discharge, release and settle any and all past or present claims, causes of action, or demands against Defendant and its owners, officers, directors, shareholders, employees, predecessors, successors and assigns, agents, affiliated entities and/or subsidiaries (collectively the "Releasees"), including but not limited to those claims in the Federal Case No.: 3:17-cv-01221-LB, or any other matter arising out of Individual Plaintiffs alleged work set forth in the Litigation, as any and all other claims, known or known, whether based in tort, contract, public policy, statute, administrative regulation, or any other theory of recovery, either federal, state or local, including, but not limited to, the Fair Employment and Housing Act, Title VII of the Civil Rights Act of 1964, the Fair Labor Standards Act, Government Code Sections 12900-12996, IWC Wage Orders, the Labor Management Relations Act, the California Family Rights Act and related regulations, the Family Medical Leave Act, the Age Discrimination in Employment Act, the Employee Retirement Income Securities Act, the Consolidated Omnibus Reconciliation Act of 1986, the Equal Pay Act, California Labor Code sections 2698, et. seq. (the Private Attorney General Act), 98.6, 200, 201, 202, 203, 204, 205, 206, 206.5, 207, 210, 216, 218, 218.5, 218.6, 221, 222, 223, 225.5, 226, 226.3, 226.7, 401-410, 510, 512, 515, 551, 552, 553, 558 1102.5, 1105, 1182.12, 1021.5, 1174, 1174.5, 1182, 1194, 1194.2, 1194.5, 1195, 1197, 1198, 1198.5, 132a, 2082(a)(b) and (c), 6310, Business and Professions Code sections 17200 et seq., Civil Code sections 43-53.7, and 29 U.S.C. sections 201 et seq., as well as any claim for the recovery of attorneys' fees or legal costs arising therefrom. The scope of persons and/or entities whom Plaintiffs are releasing from claims under this Agreement is intended to be as broad as possible.

        2.2.1    Plaintiffs acknowledge that, including the amounts they may receive out of the monies set forth above, they have received any and all damages, wages, penalties, and any other compensation allegedly due them, and Defendant and Releasees have no obligation to pay them any pay or other wages, or penalties, based upon any of Plaintiffs' allegations in the Litigation.

        2.2.2    Plaintiffs acknowledge that they are responsible for properly reporting for tax purposes the amounts they individually receive, and that they are responsible for any and all tax liability that may accrue to them resulting from their receipt of any portion of Defendant's payments.

    2.3    No portion of the settlement herein is being paid pursuant to the Private Attorney General Act ("PAGA").

        2.3.1.    To the extent any administrative claims have been asserted by any Individual Plaintiff pursuant to PAGA, including the Stovall PAGA Claim, or any other state or federal

015430.00002 - 190943.1

government agency, said Individual Plaintiff shall take all necessary action to dismiss said claim with prejudice within 15 days of the execution of this Agreement.

        2.3.2.    To the extent any Individual Plaintiff has opted-in to any other state or federal class action litigation asserted against Defendant, said Individual Plaintiff shall take all necessary action to opt-out or otherwise dismiss with prejudice any claim pending therein. To the extent any Individual Plaintiff has opted-in to any other state or federal class action litigation asserted against Defendant which is currently stayed, said Individual Plaintiff shall take all necessary action to opt-out or otherwise dismiss with prejudice any claim pending therein in the event that the stay is lifted and the case proceeds against Defendant.

        2.4    If any portion of this settlement must be approved by a judge, Plaintiffs understand and agree that they shall be solely responsible for obtaining such approval at their own expense. In that event, any Plaintiffs shall also take all necessary action to file all required notices/filings with the Labor and Workforce Development Agency, including but not limited to notice of this settlement.

        2.5    <u>No Admission of Liability</u>.   Nothing in this Agreement shall be interpreted or construed as an admission of liability or any wrongdoing by Defendant or any Releasee. Defendant denies that it is liable to Plaintiffs in any amount, under any theory. The Plaintiffs acknowledge that this Agreement shall not in any way be construed as an admission by Defendant that it or any Releasee acted wrongfully at any time with respect to the Plaintiffs or any other person, that the Plaintiffs or any other person have any rights whatever against the Defendant or any Releasee, nor as an admission of the accuracy of any of the Plaintiffs' allegation. Nothing in this Agreement shall be construed as an admission by either Party as to the merit or lack of merit of any particular claim or defense. Any statements made in the course of negotiations have been and shall be without prejudice to the rights of the Parties in any disputes or transactions with any other person or entity not party to this Agreement.

## POTENTIAL UNKNOWN CLAIMS

        3.0    The Individual Plaintiffs understand and agree that this Agreement shall act as a full, irrevocable and final release of all claims, known or potentially unknown, against Defendant or any Releasee, whether or not asserted, arising from or related to the any matter, including the any alleged employment or any work performed as described in the Litigation. The parties expressly waive any rights or benefits available to them under any statutes or common law principles pertaining to this release or under Section 1542 of the Civil Code of the State of California, which provides as follows:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

        3.1    Individual Plaintiffs understand and acknowledge that this waiver of California Civil Code Section 1542 means that they will not be able to make any claim for any and all

alleged claims against Defendant or alleged damages that exist as of the date of their signature on this Agreement.

## MUTUAL UNDERSTANDING AND ADVICE OF ATTORNEY

4.0   Plaintiffs acknowledge that they obtained independent representation or legal counsel regarding the consideration received as well as the claims being forever released by this Agreement, and each was given a full and fair opportunity to become fully informed about the legal impact of this Agreement, before signing this Agreement. Plaintiffs are in fact represented by counsel experienced in this type of matter, and warrant and represent that in executing this Agreement, they have had the opportunity to have the terms of this Agreement and its consequences completely explained to them by their attorney, and that they fully understand the terms and consequences of this Agreement.

4.1   It is expressly understood by the Parties, and each of them, by reason of the consideration hereinabove mentioned, that each party admits no liability of any sort, and the Parties have made no representations as to any liabilities or obligations and have made no agreements or promises to do any act or thing not set forth herein.

4.2   The Plaintiffs represent and acknowledge that they are voluntarily entering into this Agreement with the full knowledge of the rights that they are waiving. The parties warrant and represent that they have not relied on any inducements, promises or representations made by either party or its/his/her representative or any other person, except for those expressly set forth herein.

## CONFIDENTIALITY

5.0   The Parties represent and warrant that neither they nor their attorneys have disclosed the terms of this Agreement, the amount of the payments set forth in Paragraph 2.1, or the underlying negotiations that led up to this Agreement, including any terms, offers or counteroffers that were the subject of any negotiations leading to this Agreement, except as specifically allowed by this Paragraph. The Company may disclose the terms of this Agreement to its employees, agents, insurers, counsel, advisors, accountants, auditors, or others with a business need to know, in response to regulatory inquiries, and as required by law. The Plaintiffs may disclose the terms of this Agreement only (1) to governmental authorities and (2) to their immediate family, their counsel, their tax advisors, or their financial consultants, provided they first expressly agree to be bound by the obligations of confidentiality set forth in this Paragraph. Notwithstanding those individuals identified in sections (1) and (2) herein, Plaintiffs shall maintain confidential and not disclose this Agreement or the terms herein. With respect to (2), such person's violation of this confidentiality requirement is to be treated as a violation by the Plaintiffs. Upon service on any of the Plaintiffs, or anyone acting on their behalf, of any court order, subpoena or legal process requiring the individual Plaintiff or their agent to divulge information otherwise prohibited from disclosure under this Agreement, the Individual Plaintiff(s) shall promptly notify Defendant of such service and provide Defendant a reasonable opportunity to object to such disclosure prior to any disclosure taking place. Disclosures made in pleadings filed with the Court as part of the process by Plaintiffs to cause dismissal of the class allegations in the Litigation shall not violate this provision.

## VOLUNTARY ASSISTANCE AND NON-DISPARAGEMENT

6.0     The Plaintiffs agree that they will not directly or indirectly through a third party, make any statement, publish any statement, or issue any communication, written, electronic or otherwise, to or in the media (or any representative thereof), including but not limited to print, television, radio, digital, and the internet (including social media platforms such as Facebook, Twitter, Instagram and the like), that disparages the name, reputation, practices or operations of Defendant or its predecessors and successors in interest, subsidiaries, affiliated entities, and assigns, past, present or future officers, directors, partners, shareholders, employees, agents, insurers, and legal representatives, and any other person and/or entity conducting business with Defendant, or other Releasees, or that reflects adversely on or encourages any adverse action against Defendant or any other Releasee.

## SUCCESSORS

7.0     This Agreement shall inure to the benefit of each party and that party's predecessors, successors, subsidiaries, affiliates, representatives, heirs, assigns, agents, officers, directors, employees, and personal and legal representatives, past, present, or future.

## WARRANTY OF PERFORMANCE

8.0     The parties agree to promptly and as expeditiously as possible carry out and execute his/her/its responsibilities under the terms of this Agreement.

## WAIVER OF COSTS AND ATTORNEYS' FEES

9.0     The parties shall be solely responsible for his/her/its attorneys' fees and costs arising out of or related to the dispute. The parties also affirmatively waive any right they may have to seek attorneys' fees and costs against the other with regards to the Litigation.

## WARRANTY OF RIGHT

10.0     Each party to this Agreement warrants no other person or entity has or had or claims to have had any interest in the claims, demands, causes of action, obligations, damages or liabilities described herein; that he or it has not sold, assigned, transferred, conveyed, or otherwise disposed of any claim, demand, cause of action, obligation, damage or liability covered herein.

## ENTIRE AGREEMENT

11.0     This Agreement states the entire agreement between the parties who have executed this Agreement and supersedes their prior written or oral agreements, negotiations or understandings regarding the subject matter of this Agreement. This Agreement may not be altered, amended or modified, except by a writing executed by duly authorized representatives of the Parties. No modification or waiver of this Agreement or any of the promises, obligations, terms or conditions hereof shall be valid unless it is written and signed by the party against whom the waiver is enforced.

## GOVERNING LAW

12.0   This Agreement shall be construed and governed by the laws of the State of California (excluding its choice of law provisions).

## NO INDUCEMENT

13.0   Each party agrees that if the facts with respect to which this Agreement is executed are found hereafter to be different from the facts now believed by any party, each party expressly accepts and assumes the risk of such possible difference in facts, and agrees that this Agreement shall remain effective, notwithstanding such differences. Each party declares and represents that no promise, inducement or other agreement not expressly contained herein has been made to induce this Agreement.

## SEVERABILITY

14.0   Should any paragraph, clause or provision of this Agreement be construed to be against public policy or determined by a court of competent jurisdiction to be void, invalid or unenforceable, such construction and decision shall affect only those paragraphs, clauses or provisions so construed or interpreted, and shall in no way affect the remaining paragraphs, clauses or provisions of this Agreement which shall remain in force. Headings are used herein for convenience only and shall have no force or effect in the interpretation or construction of this Agreement. As used in this Agreement, the singular shall include the plural, the masculine, and the feminine and neutral genders. Plaintiffs and Defendant have each participated in the drafting of this Agreement. No party shall be deemed to be the author of this Agreement. The language of all parts of this Agreement shall in all cases be construed as a whole according to its fair meaning and not strictly for or against any of the Parties.

## TAX CONSEQUENCES

15.0   All parties are aware that certain State and Federal income tax consequences may be incurred as a result of the consummation of this agreement. The Plaintiffs each agree that they shall be solely responsible for the reporting and payment of all local, state or federal taxes resulting from payments received in connection with this Agreement. All parties are independently relying on their own legal counsel and accountants in connection with such consequences. No party will look to any other party for reimbursement or indemnification of any such taxes. Similarly, no party will look to any other party for reimbursement or indemnification of any such taxes. Plaintiffs expressly represent that Defendant has not made any representations to them regarding the nature of their alleged damages or the appropriateness for tax purposes of any payment arising from this Agreement.

## EFFECTUATION AND DISMISSAL OF ALL LEGAL PROCEEDINGS

16.0   The parties shall execute any and all other documents and do all other things which may be reasonably necessary to carry out the terms of this Agreement.

16.1   Concurrent with the execution of this Agreement, Plaintiffs shall take any and all actions necessary, and to execute any necessary documents required to dismiss their claims

DATED: 05/16/2018 , 2018

*deandre stovall*

Deandre Stovall

DATED: 05/14/2018 , 2018

*Crystal Peterson*

Crystal Hamilton Peterson

DATED: 05/17/2018 , 2018

*Katherine Lyness*

Katherine Lyness

///

///

DATED: 05/14/2018 , 2018

*Jonathan Lodato*

Jonathan Lodato

DATED: 05/14/18 , 2018

*GREG ST. PRICE*

Gregory St. Price

**Approved as to form by:**

DATED: 5/26 , 2018

SAGASER WATKINS & WIELAND, PC

By: _____

William M. Woolman

asserted in Federal Case No. 3:17-cv-01221-LB, as well as any other administrative proceeding, and that said dismissals shall be with prejudice. At the time of execution of this Agreement, Plaintiffs warrant that they do not have any other claims or actions pending against Defendant or any Releasee, including any claims with the DFEH, EEOC, Department of Labor, California Labor Commissioner, or other government body or court for claims arising out of Plaintiff's business and alleged employment relationship with Defendants.

## FURTHER ASSURANCES

17.0   To the extent any documents are required to be executed by any of the Parties to effectuate this Agreement, each party hereto agrees to timely execute and deliver such other and further documents as may be required from time to time in the future to carry out the terms of this Agreement.

## FACSIMILE/ELECTRONIC SIGNATURES

18.0   A facsimile and/or electronic signature shall be considered as valid as an original for purposes of this agreement.

## COUNTERPARTS

19.0   This Agreement may be executed in counterparts, and all copies so executed shall be binding upon the Parties, notwithstanding that the signatures of the Parties do not appear on the same page. The signatures of the Parties may be communicated by facsimile and such signatures shall have the same binding effect as original signatures.

DATED: May 21, 2018, 2018          Credico (USA) LLC

                                    By: _JENNIFER CLARK_____
                                        Chief Legal Officer

DATED: 05/14/2018, 2018

                                    _Amarante Rodriguez_____
                                    Amarante Rodriguez

DATED: 05/16/18, 2018

                                    _Valerie Morales_____
                                    Valerie Morales

DATED: May 21, 2018					LICHTEN & LISS-RIORDAN, PC

								By: _____
								      Harold Lichten